UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ZOILA MARGARITA AREVALO-BARDALES, | Case No. 5:26-cv-01886-SRM-AJR |
|---|---|
| Petitioner, | |
| v. | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| ERNESTO SANTACRUZ JR., ET AL., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.

Respondents filed Objections on May 13, 2026, raising two arguments not previously raised in their Answer. *Compare* Dkt. 14, *with* Dkt. 9. As an initial matter, the Court may decline to consider these arguments as waived. *See Farquhar v. Jones*, 141 F. App'x 539, 540 (9th Cir. 2005) ("Although Cain asserted in his objections to the magistrate judge's report recommending denial of the summary judgment motion that he was entitled to qualified immunity, the district court properly declined to address this issue when it adopted the magistrate judge's findings and recommendations."); *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633,

638–39 (9th Cir.1988) (holding that the district court properly found issues raised for the first time in objections to magistrate judge's report and recommendation had been waived), overruled on other grounds *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir.1992). In addition, these new arguments do not cause this Court to alter or modify the Report and Recommendation.

Respondents' first objection is that this Court lacks jurisdiction to review the Attorney General's discretionary decision to revoke Petitioner's deferred action. Dkt. 14 at 2–3. Respondents previously argued in the Answer that this Court lacked jurisdiction, but only to the extent Petitioner was challenging the final removal order. Dkt. 9 at 7–9. Therefore, this jurisdictional argument is new and not previously raised. Regardless, the Report and Recommendation addressed why this Court has jurisdiction to consider Petitioner's procedural due process claim and cites binding and persuasive authority in support. Dkt. 11 at 6–7. While the Attorney General may have discretion to revoke Petitioner's deferred action, the Attorney General does not have discretion to violate the Constitution, thus this Court has jurisdiction to review the revocation for violation of the Constitution. *See, e.g.*, *Ligario Hernandez v. Mullin*, 5:26-CV-00585, 2026 WL 846037, at *4 (C.D. Cal. Mar. 24, 2026) ("Because Respondents do not have discretion to violate the Constitution, notwithstanding their discretion over bond determinations in general, § 1252(a)(2)(B)(ii) does not preclude jurisdiction in this action.").

Respondents' second argument is that even assuming this Court has jurisdiction to review the Attorney General's revocation of Petitioner's deferred action, the Court should not do so because Petitioner has not exhausted her administrative remedies. Dkt. 14 at 3-4. Respondents did not raise any exhaustion argument in their Answer. Dkt. 9. However, even assuming that it would be appropriate to require administrative exhaustion here, Petitioner is entitled to be excused from the exhaustion requirement due to the constitutional nature of her

claims and the fact that Petitioner would suffer irreparable harm from remaining in custody. *See, e.g., Ligario Hernandez*, 2026 WL 846037, at *7–8 (holding that petitioner was entitled to be excused from administrative exhaustion because of the constitutional nature of his claims and the fact that he would suffer irreparable harm from remaining in custody). Having reviewed the Report and Recommendation *de novo*, Respondents Objections do not cause this Court to alter or modify the Report and Recommendation.

Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Petition is **GRANTED**. Respondents shall immediately release Petitioner from custody subject only to any condition of release that was in place prior to Petitioner's detention on April 8, 2026, and immediately return any confiscated property and documents to Petitioner. Respondents shall not re-detain Petitioner without providing at least seven days notice and a pre-deprivation bond hearing before an immigration judge at which the government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community (for the avoidance of doubt, the Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard). Respondents shall file a notice of compliance within 24 hours of the entry of Judgment.

The Clerk of Court is directed to serve copies of this Order and the Judgment on Petitioner at the current address of record, as well as all Respondents.

**IT IS SO ORDERED.**

DATED: May 15, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

3